IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO LYONS             )
                          )
     v.                   )   NO. 3:06-0152
                          )
JIM WORTHINGTON, WARDEN   )


TO:   Honorable Robert L. Echols, District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered May 26, 2006 (Docket Entry No. 7), the Court referred the instant Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 to the Magistrate Judge for further proceedings under Rule 8(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 636(b)(1)(B), and the Local Rules for Magistrate Judge Proceedings.

Presently pending before the Court is Respondent's motion to dismiss (filed May 18, 2006; Docket Entry No. 6), to which Petitioner has filed a response in opposition (filed June 29, 2006; Docket Entry No. 9). For the reasons set out below, the Court recommends that the motion to dismiss be granted and this petition be dismissed.


## I. BACKGROUND

Petitioner is currently an inmate of the Tennessee Department of Correction ("TDOC"), where he is serving a sentence of life imprisonment with the possibility of parole for the crime of felony murder committed during the perpetration of aggravated child abuse. Petitioner originally pled guilty to the crime of second degree murder but his guilty plea was later set aside. On August

27, 1998, a jury in Davidson County, Tennessee convicted him of the crime for which he is now imprisoned. On February 25, 2000, the Tennessee Court of Criminal Appeals upheld the sentence and conviction, and the Tennessee Supreme Court denied his request for permission to appeal on October 23, 2000. See Attachment No. 1 to Docket Entry No. 6.

On January 14, 2004, Petitioner filed a petition for post-conviction relief in the Criminal Court for Davidson County, Tennessee which was denied as untimely. See Attachment No. 2 to Docket Entry No. 6. The Tennessee Court of Criminal Appeals upheld the denial of the petition on November 12, 2004, and Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on February 28, 2005. Id.

Petitioner filed the instant pro se petition under 28 U.S.C. § 2254 on February 27, 2006.[1] Petitioner's sole ground for relief is that he received ineffective assistance of counsel regarding the decision to challenge his guilty plea and during his jury trial. In lieu of an answer, Respondent filed the pending motion to dismiss arguing that the petition is untimely because it was not filed within the one year statute of limitations set out at 28 U.S.C. § 2244(d)(1).

## II. LEGAL CONCLUSIONS

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of -
>
> (A) the date on which the judgment became final by conclusion of

---

[1] Although the portion of the petition entitled "Continued Supporting Fact From Page 5 (12A)" is consecutively paginated 1-5, it appears to be missing every other page. However, this omission does not affect the Court's legal conclusions in this Report and Recommendation.

> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant action, Petitioner's judgment became final on January 21, 2001, when the 90 day time period expired for him to challenge his conviction and sentence through the filing of a petition for a writ of certiorari with the United States Supreme Court. See Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). Because Petitioner has not pointed to a later triggering date under either subsection (B), (C) or (D), the one year statute of limitations began to run on January 21, 2002, in accordance with subsection (A). The instant petition, however, was not filed until February 27, 2006, and is untimely.

In some situations, the time during which a petitioner pursues state remedies tolls the statute of limitations. See Austin v. Mitchell, 200 F.3d 391, 393-95 (6th Cir. 1999). Section 2244(d)(2) of the AEDPA provides that:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitations under this subsection.

Petitioner's filing of a petition for post-conviction relief petition in the state courts, however, fails to provide him with relief because the one year statute of limitations had already expired by the time he filed his state post-conviction relief petition in 2004. The tolling provision of Section 2244(d)(2)

specifically applies only to an application for state remedies which is "pending" during the statute of limitations period. See Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003); Thomas v. Johnson, 211 F.3d 1270, 2000 WL 553948 (6th Cir., April 28, 2000) (unpublished table opinion).

In his response in opposition to the motion to dismiss, Petitioner asserts that he was not informed by his counsel or by anyone else that he had only one year within which to pursue a federal habeas corpus petition. He asserts that he is uneducated and has no knowledge of the law and had no resources to hire counsel to assist him after the conclusion of his direct review. He contends that the egregious nature of the alleged constitutional violation asserted in his federal habeas petition should be reviewed. See Docket Entry No. 9.

Equitable tolling can excuse the untimeliness of a petition for federal habeas corpus relief which is filed beyond the one year statute of limitations. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004); Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling, and equitable tolling should apply only if extraordinary circumstances exist. Allen, supra; Vroman, supra.

The following factors are relevant in deciding whether equitable tolling should apply:

1. Petitioner's lack of notice of the filing requirement;

2. Petitioner's lack of constructive knowledge of the filing requirement;

3. diligence in pursuing one's rights;

4. absence of prejudice to Respondent; and

5. Petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.

The Court finds that Petitioner has not satisfied his burden of showing that equitable tolling should apply. With respect to notice of the filing requirement, it is well settled that "ignorance of

the law alone is not sufficient to warrant equitable tolling." Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991). Even if Petitioner lacked actual knowledge of the one year statute of limitations, the Sixth Circuit Court of Appeals has found that the AEDPA's clear provisions regarding the statute of limitations, which had been in effect for several years at the time of his convictions, provide a petitioner with constructive knowledge of the one year filing requirement. Allen, 366 F.3d 403.

Petitioner has also not shown that he was diligent in pursuing his rights. Further, there is no indication that the untimeliness of Petitioner's habeas corpus petition was caused by a circumstance which was out of his control. He asserts that his trial counsel failed to inform him of the time limit for seeking federal habeas corpus relief. This argument fails because the kinds of circumstances which are outside the control of a petitioner seeking equitable tolling are circumstances which are external to a petitioner's own defense. Examples are clerical errors by the Court or fraudulent representations or actions by the state. See Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003); Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002). The negligence or mistakes of an attorney are generally not a valid basis for equitable tolling. See Allen, 366 F.3d at 403-04; Jurado, 337 F.3d at 644-45; Fahy v. Horn, 240 F.3d 239, 244 (3rd. Cir. 2001); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). But see Ford v. Hubbard, 305 F.3d 875, 890-91 (9th Cir. 2002) (recognizing that particularly egregious conduct of counsel can provide a basis for equitable tolling).

There has been no showing that Respondent should not be entitled to rely upon the statutory defense of the running of the statute of limitations. The instant petition was untimely filed, and Petitioner has not met his burden of showing that he is entitled to equitable tolling. Accordingly, the petition should be dismissed.

# RECOMMENDATION

Based on the foregoing reasons, the Court respectfully RECOMMENDS that Respondent's motion to dismiss (filed May 18, 2006; Docket Entry No. 6) be GRANTED and this petition be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report, or the proposed findings or recommendation to which objection is made. Failure to file objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge