UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ANTONIO LYONS,** | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 3:06-0152 |
| | ) JUDGE ECHOLS |
| **JIM WORTHINGTON, Warden,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

Pending before the Court are the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on July 25, 2006 (Docket Entry No. 10), Petitioner's Objections to United States Magistrate's Report (Docket Entry No. 11), and Respondent's Motion to Dismiss Petition For Writ of Habeas Corpus (Docket Entry No. 6), to which Petitioner responded in opposition. The Magistrate Judge recommends dismissal of Petitioner's habeas petition filed under 28 U.S.C. § 2254 for failure to comply with the one-year statute of limitations provided in 28 U.S.C. § 2244(d).

When a party makes a timely objection to an R&R, the Court must conduct "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Id.

1

The Court has conducted a de novo review of the entire file. The Court finds that the R&R should be accepted as modified herein.

In the fifth and sixth lines of the first full paragraph on page three of the R&R, the Court corrects the date to read "January 21, 2001," which is the date the one-year statute of limitations began to run, not January 21, 2002, as stated. The Court agrees that Petitioner's habeas petition is time-barred because the statute of limitations expired on January 21, 2002, and Petitioner did not file his habeas petition until February 2006, more than four years later.

The Court also agrees that Petitioner's untimely-filed state post-conviction petition did not toll the federal statute of limitations applicable to Petitioner's habeas petition. The Court further agrees that Petitioner carries the burden to show that he is entitled to equitable tolling of the limitations period, and that for the reasons stated by the Magistrate Judge, Petitioner has failed to meet his burden.

The Court notes that Austin v. Mitchell, 200 F.3d 391, 393-395 (6th Cir. 1999), was expressly overruled by the Sixth Circuit sitting en banc in Cowherd v. Million, 380 F.3d 909, 914 (6th Cir. 2004). Thus, the Court does not rely on Austin in reaching its decision. Other Sixth Circuit cases cited in the Report and Recommendation, however, adequately support the legal principles applied to reach the result in this case. Further, the Court does not rely on the secondary authority of Ford v. Hubbard, 305 F.3d 875, 890-891 (9th Cir. 2002), as that case was vacated in Pliler v.

2

Ford, 542 U.S. 225 (2004). The Report and Recommendation is further modified to strike the citations to these two cases. Accordingly,

(1) Petitioner's Objections to United States Magistrate's Report (Docket Entry No. 11) are hereby OVERRULED in their entirety.

(2) the Magistrate Judge's Report and Recommendation (Docket Entry No. 10) is hereby ACCEPTED AS MODIFIED in this Order;

(3) Respondent's Motion to Dismiss Petition For Writ of Habeas Corpus (Docket Entry No. 6) is hereby GRANTED;

(4) Petitioner's § 2254 habeas petition is hereby DISMISSED WITH PREJUDICE;

(5) Because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of the statute of limitations issue debatable or wrong, a Certificate of Appealability will not issue, see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); and

(6) Entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

IT IS SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE